People v Tarazona (2025 NY Slip Op 03259)

People v Tarazona

2025 NY Slip Op 03259

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Ind No. 71395/21|71395/21|Appeal No. 4473|Case No. 2023-01795|

[*1]The People of the State of New York, Respondent,
v
Dominick Tarazona, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered January 26, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's Second Amendment claims are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to consider them in the interest of justice. In any event, defendant lacks standing to assert a Second Amendment challenge to New York's gun-licensing regime because he did not apply for a license (see e.g. People v Maldonado, 230 AD3d 1069, 1070 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]; see also United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Defendant also lacks standing to challenge New York's age restriction under Penal Law § 400.00(1)(a), which was not struck down by Bruen, since he was under 21 at the time of the instant offense (see Matter of Denim M., 231 AD3d 675, 675 [1st Dept 2024]). Moreover, his claim that an application would have been futile because he did not meet the minimum age requirement is unpreserved and we decline to review it in the interest of justice (Maldonado, 230 AD3d at 1070). As an alternative holding, we find that defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Anderson, 234 AD3d 603, 604 [1st Dept 2025], lv denied 43 NY3d 943 [2025]). As an alternative holding, we find that counsel was not ineffective (see People v Caban, 5 NY3d 143, 152 [2005]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025